STATE OF VERMONT

| | |
|---|---|
| SHOUP EVERS & GREEN, PLLC<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN P. NADEAU,<br>LAW OFFICES OF JUSTIN P. NADEAU, PLLC,<br>JOSEPH M. BALDACCI d/b/a LAW OFFICES OF JOSEPH M. BALDACCI,<br>Defendants. | SUPERIOR COURT<br>CHITTENDEN UNIT<br>Civil Action No.: 23-CV-03463 |

**NOTICE OF FILING NOTICE OF REMOVAL**

TO:  Michael I. Green, Esq.
Shoup Evers & Green, PLLC
84 Pine Street, Fourth Floor
Burlington, VT 05401
mgreen@seglawyers.com

Joseph M. Baldacci d/b/a
P.O. Box 1423
Bangor, Maine 04402-1423
jbaldacci@baldaccilaw.com

1.  **PLEASE TAKE NOTICE** that on September 25, 2023, Defendants Justin P. Nadeau and The Law Offices of Justin P. Nadeau, PLLC, filed a Notice of Removal in the above-entitled action in the United States District Court for the District of Vermont by way of hand delivery. The undersigned Justin P. Nadeau, Esquire has been informed by Co-Defendant Joseph M. Baldacci d/b/a Law Offices of Joseph M. Baldacci, that he has not yet been served with a copy of the Complaint in this matter filed in the Chittenden County Superior Court, Case No. 23-CV-03463 and accordingly his signature to this pleading is not required. However, and

1

notwithstanding that fact, undersigned has also been informed by Co-Defendant Joseph M. Baldacci that he assents to this filing and the filing of a Notice of Removal.

A true and correct copy of the Notice of Removal is attached hereto as **Exhibit A**.

YOU ARE ALSO ADVISED THAT, Defendants, upon filing such Notice of Removal in the Office of the Clerk of the United States District Cout for the District of Vermont, also filed a copy of this Notice of Filing of Notice of Removal with the Clerk of the Vermont Superior Court, Civil Division, Chittenden Unit, on September 25, 2023 to effect removal pursuant to 28 U.S.C. § 1446. Pursuant to such filing, said Court "shall proceed no further unless and until this case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted,

Date: September 25, 2023

JUSTIN P. NADEAU, *pro se*

/s/ Justin P. Nadeau
Individually and on behalf of
The Law Offices of Justin P. Nadeau, PLLC
135 Wentworth Road
Rye, New Hampshire 03870

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing pleading, with exhibits, was served via e-mail and by US Mail to the Plaintiff and Defendant Joseph M. Baldacci at the addresses below.

John F. Evers, Esquire: JEvers@seglawyers.com
84 Pine Street, 4th Floor
Burlington, Vermont 05401

Joseph Baldacci, Esquire: JBaldacci@BaldacciLaw.com
6 State Street, Suite 605
P.O. Box 1423
Bangor, Maine 04402-1423

Date: September 25, 2023

/s/ Justin P. Nadeau
Justin P. Nadeau, Esq.

2

# STATE OF VERMONT

**SUPERIOR COURT**  Civil  **DIVISION**
**Chittenden** Unit   Case No. 23-CV_03463

| Plaintiff(s) | VS. | Defendant(s) |
|---|---|---|
| Shoup Evers & Green, PLLC | | Justin P. Nadeau, et al. |

## SUMMONS

**THIS SUMMONS IS DIRECTED TO** JUSTIN P. NADEAU

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.

2. **YOU MUST REPLY WITHIN 21* DAYS TO PROTECT YOUR RIGHTS.** You must give or mail the Plaintiff **a written response** called an Answer within 21* days of the date on which you received this Summons. You must send a copy of your Answer to the [Plaintiff][Plaintiff's attorney] located at: MICHAEL I. GREEN
   SHOUP EVERS & GREEN, 84 Pine Street, Fourth Floor, Burlington, VT 05401

   You must also give or mail your Answer to the Court located at:
   VERMONT SUPERIOR COURT, Chittenden Unit, Civil Division
   175 Main Street, Burlington, VT 05401

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT GIVE YOUR WRITTEN ANSWER TO THE COURT.** If you do not Answer within 21* days and file it with the Court, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint.

5. **YOU MUST MAKE ANY CLAIMS AGAINST THE PLAINTIFF IN YOUR REPLY.** Your Answer must state any related legal claims you have against the Plaintiff. Your claims against the Plaintiff are called Counterclaims. If you do not make your Counterclaims in writing in your Answer, you may not be able to bring them up at all. Even if you have insurance and the insurance company will defend you, you must still file any Counterclaims you may have.

6. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you cannot afford a lawyer, you should ask the court clerk for information about places where you can get free legal help. **Even if you cannot get legal help, you must still give the Court a written Answer to protect your rights or you may lose the case.**

7. **NOTICE OF APPEARANCE FORM.** THE COURT NEEDS TO KNOW HOW TO REACH YOU SO THAT YOU WILL BE INFORMED OF ALL MATTERS RELATING TO YOUR CASE. If you have not hired an attorney and are representing yourself, in addition to filing the required answer it is important that you file the Notice of Appearance form attached to this summons, to give the court your name, mailing address and phone number (and email address, if you have one). You must also mail or deliver a copy of the form to the lawyer or party who sent you this paperwork, so that you will receive copies of anything else they file with the court.

/s/ Michael I. Green  
*Plaintiff's Attorney/Court Clerk*

August 15, 2023  
*Dated*

Served on _____   _____  
　　　　　　　*Date*　　　　　　　　　*Sheriff*

\* Use 21 days, except that in the exceptional situations where a different time is allowed by the court in which to answer, the different time should be inserted.

**STATE OF VERMONT**

**SUPERIOR COURT**     Civil   ▼ **DIVISION**
**Chittenden** ▼ **Unit**     Case No. 23-CV_03463

| *Plaintiff(s)* | VS. | *Defendant(s)* |
|---|---|---|
| Shoup Evers & Green, PLLC | | Justin P. Nadeau, et al. |

## NOTICE OF APPEARANCE FOR SELF-REPRESENTED PARTY

My Name is: (print name) _____

In this case I am the:  ☐ Plaintiff  ☐ Defendant  ☐ Other _____

I do not have an attorney and will represent myself. If I decide to be represented by an attorney in the future, my attorney will notify the court of the change.

In representing myself, I understand that I **MUST**:

1. **Notify the court in writing of any changes in my mailing address, phone number, or email address.**
2. **Give or send copies of any papers I file with the court to every other party in this case. If another party has an attorney, I will give or send copies to that party's attorney.**
3. **File a certificate of service with the court certifying that I have sent the papers I am filing (including this form) to all parties. I understand that I can find that form on the Vermont Judiciary website https://www.vermontjudiciary.org/ or at the courthouse.**

**Court Notices and Orders**
I understand that the court will send all notices and orders to me at the mailing address provided below.

**Documents from Other Parties in the Case**
I understand that the other parties in the case are required to provide me with a copy of all documents they file with the court. If I consent, the other parties may send me documents by email instead of by mail.
I consent to receive documents from the other parties at the email provided below:
☐ YES  ☐ NO

My Mailing Address:
Address: _____

Town/City: _____  State: _____  Zip: _____

Phone Number (day): _____

Email Address: _____

Date

_____     _____
                                     Signature

FILED: 8/15/2023 12:21 PM
Vermont Superior Court
Chittenden Unit
23-CV-03463

STATE OF VERMONT

SUPERIOR COURT
CHITTENDEN UNIT

| | | |
|---|---|---|
| SHOUP EVERS & GREEN, PLLC | ) | |
|     Plaintiff, | ) | CIVIL DIVISION |
| | ) | Docket No.: _____ |
| v. | ) | |
| | ) | |
| JUSTIN P. NADEAU, LAW OFFICES OF | ) | |
| JUSTIN P. NADEAU, PLLC, | ) | |
| JOSEPH M. BALDACCI d/b/a | ) | |
| LAW OFFICES OF JOSEPH M. BALDACCI | ) | |
|     Defendants. | ) | |

## COMPLAINT

### Parties

1. Plaintiff Shoup Evers & Green, PLLC is a Vermont law firm with its principal place of business in Burlington, Vermont.

2. Justin P. Nadeau is a resident of Rye, New Hampshire. He was admitted to practice law in New Hampshire until his license was suspended in June 2019 while facing charges from the Attorney Discipline Office. A petition to disbar him is currently pending before the New Hampshire Supreme Court.

3. Law Offices of Justin P. Nadeau, PLLC was a New Hampshire corporation which, according to the New Hampshire Secretary of State's website, was administratively dissolved and has not filed an annual report since 2019.

4. Joseph M. Baldacci is a lawyer licensed to practice in the state of Maine. His practice is known as the Law Office of Joseph M. Baldacci in Bangor, Maine.

1

**Facts**

5.      This is a declaratory judgment action pursuant to 12 V.S.A. §4711 et seq. to determine the rights to a contingent legal fee secured in a Vermont lawsuit.

6.      On May 29, 2016, a Vermont resident ("the client") was injured in motor vehicle crash in Vermont.

7.      In a written fee agreement dated June 8, 2016, the client retained the Law Offices of Justin P. Nadeau, PLLC to pursue claims arising from the crash.

8.      Justin Nadeau referred the case to Joseph Baldacci. Nadeau and Baldacci intended to pursue the matter jointly, though neither was licensed to practice law in Vermont, the only state where suit could be filed.

9.      As the statute of limitations on one of the claims was approaching, Baldacci contacted John Evers, a partner in Shoup Evers & Green PLLC, to request that he act as local counsel in the litigation.

10.     On June 12, 2018, the client signed a Supplemental Retainer Agreement in which the client retained the Law Offices of Joseph M. Baldacci and Shoup Evers & Green, PLLC in addition to the Law Offices of Justin P. Nadeau.

11.     The Supplemental Retainer Agreement provided that after suit the Nadeau and Baldacci firms would each receive 16.5% of the gross recovery; Shoup Evers & Green, PLLC would receive 7%.

12.     As reflected in the fee division, the parties expected that Shoup Evers & Green, PLLC would have a limited role in the representation and act as local counsel only.

13.     The Baldacci and Nadeau firms agreed that Baldacci would be lead counsel.

14. Despite the expectation that Shoup Evers & Green, PLLC would have a limited role as local counsel only, the firm acted as the sole active attorney for the client during the five years of representation.

15. The client agreed to settle the case in June 2023 at mediation. Shoup Evers & Green, PLLC and the client agreed to a gross attorney fee of one-third of the recovery. From that gross fee, over $32,000 was paid to outside counsel in connection with separate litigation regarding insurance coverage. The fee to be divided among the parties to this litigation is $233,771.22.

### Count 1: Breach of Contract By Nadeau

16. Vermont Rule of Professional Conduct 1.5(e)(1) provides that a fee division between lawyers who are not in the same firm is allowed only if "the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation."

17. The Nadeau firm did not accept joint responsibility of the representation as required by the Vermont Rules of Professional Conduct.

18. Nadeau did not apply for admission pro hac vice to appear in the litigation, though the parties expected that he would.

19. Nadeau provided no legal services of value during the pending litigation.

20. Nadeau surrendered his license to practice law in New Hampshire in June 2019 while under investigation by bar disciplinary authorities.

21. Vermont Rule of Professional Conduct 5.4(a) prohibits lawyers from sharing legal fees with a non-lawyer, except in specific circumstances not relevant here.

3

22. Nadeau is a non-lawyer under the terms of Vermont Rule of Professional Conduct 5.4(a).

23. Nadeau never told the client or his co-counsel that he had lost his license to practice law.

24. Instead, he stated that he had health problems and that further communications relating to the case should go to his father.

25. His father, who also had surrendered his license to practice law in New Hampshire but claims to be a member of the Maine State Bar, never assumed responsibility for the representation of the client or performed any legal services for the benefit of the client. He claimed only an interest in the fee because his son owed him money.

26. Justin P. Nadeau and the Law Office of Justin P. Nadeau, PLLC are not entitled to a share of the contingent fee in this case because Nadeau failed to take joint responsibility for the representation of the client, performed no legal services of value, and was prohibited from practicing law for most of the pendency of the case.

### Count 2: Breach of Contract by Baldacci

27. Unlike Nadeau, Joseph Baldacci, did appear in the case pro hac vice.

28. However, Joseph Baldacci did not act as lead counsel as anticipated by the parties.

29. Baldacci offered some assistance in drafting the complaint and initial answers to interrogatories. He performed virtually no legal work after that.

30. Joseph Baldacci breached the retainer agreement by failing to act as lead counsel or provide significant services of value during the pending litigation.

4

31.     Joseph Baldacci is not entitled to the fee specified in the Supplemental Retainer Agreement, but he might be entitled to a fee to be determined by the court based on the proportion of services he provided or based on his joint responsibility for the representation of the client.

WHEREFORE, plaintiff requests the court declare that:

Defendants Nadeau and Baldacci breached the terms of the Supplemental Retainer Agreement and neither is entitled to the fee specified therein; and

Justin P. Nadeau and the Law Office of Justin P. Nadeau, PLLC are not entitled to a share of the contingent fee; and

Joseph Baldacci must come forward with evidence to establish his joint responsibility for the representation of the client or the value of services he provided so that any fee due to him can be determined; and

Shoup Evers & Green, PLLC is entitled to the entire collected fee, less any amount the court determines is due to Baldacci.

DATED at Burlington, Vermont this 15th day of August, 2023.

SHOUP EVERS & GREEN, PLLC

/s/ Michael I. Green

MICHAEL I. GREEN
Attorneys for Plaintiff
84 Pine Street, Fourth Floor
Burlington, VT 05401
(802) 861-6666
mgreen@seglawyers.com

5

**STATE OF VERMONT**

| | | |
|---|---|---|
| **SUPERIOR COURT** | | **CIVIL DIVISION** |
| Unit | | Case No. 23-CV-03463 |

*Plaintiff(s)* vs. *Defendant(s)*

Shoup Evers & Green, PLLC            Justin P. Nadeau, et al

## NOTICE OF APPEARANCE FOR SELF-REPRESENTED PARTY

My Name is: (print name) Justin P. Nadeau

In this case I am the: ☐ Plaintiff  ☑ Defendant  ☑ Other Co-Defendant

I do not have an attorney and will represent myself. If I decide to be represented by an attorney in the future, my attorney will notify the court of the change.

In representing myself, I understand that I **MUST**:

1. Notify the court in writing of any changes in my mailing address, phone number, or email address.
2. Give or send copies of any papers I file with the court to every other party in this case. If another party has an attorney, I will give or send copies to that party's attorney.
3. File a certificate of service with the court certifying that I have sent the papers I am filing (including this form) to all parties. I understand that I can find that form on the Vermont Judiciary website https://www.vermontjudiciary.org/ or at the courthouse.

**Court Notices and Orders**
I understand that the court will send all notices and orders to me at the mailing address provided below.

**Documents from Other Parties in the Case**
I understand that the other parties in the case are required to provide me with a copy of all documents they file with the court. If I consent, the other parties may send me documents by email instead of by mail.
I consent to receive documents from the other parties at the email provided below:
☑ YES  ☐ NO

My Mailing Address:

Address: 135 Wentworth Road

Town/City: Rye            State: N.H.            Zip: 03870

Phone Number (day): (603) 498-2324

Email Address: PortCityLawyers@gmail.com

Date
09/20/2023

*Justin P. Nadeau* (Signature)

## STATE OF VERMONT

SUPERIOR COURT
CHITTENDEN UNIT

SHOUP EVERS & GREEN, PLLC )
        Plaintiff, )  CIVIL DIVISION
                )  Docket No.23-CV-03463
                )
    v. )
                )
JUSTIN P. NADEAU, LAW OFFICES OF )
JUSTIN P. NADEAU, PLLC, )
JOSEPH M. BALDACCI d/b/a )
LAW OFFICES OF JOSEPH M. BALDACCI )

### DEFENDANT'S ANSWER AND GENERAL DENIAL

**NOW COMES** the Defendants Justin P. Nadeau and the Law Offices of Justin P. Nadeau, PLLC, in the above-referenced action and Answers each paragraph of the Complaint as follows:

### A. ANSWER/GENERAL DENIAL

#### Parties

1. Admitted

2. Denied. BY WAY OF FURTHER ANSWER, Attorney Nadeau voluntarily self-suspended his legal practice and denies misconduct.

3. Admitted.

4. Admitted.

## Facts

5. This appears to be a statement or conclusion of law, not fact allegations. To the extent they are factual allegations, they are denied.

6. Admitted.

7. Admitted.

8. Denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, deny same and leave Plaintiff to its proof.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, on that basis, deny same and leave Plaintiff to its proof.

## Count I: Breach of Contract by Nadeau

16. This appears to be a statement or conclusion of law, not fact allegations. To the extent they are factual allegations, they are denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. This appears to be a statement or conclusion of law, not fact allegations. To the extent they are factual allegations, they are denied.

22. This appears to be a statement or conclusion of law, not fact allegations. To the extent they are factual allegations, they are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## Count 2: Breach of Contract by Baldacci

27. Admitted.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, on that basis, deny same and leave Plaintiff to its proof.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, on that basis, deny same and leave Plaintiff to its proof.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and, on that basis, deny same and leave Plaintiff to its proof.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and, on that basis, deny same and leave Plaintiff to its proof.

WHEREFORE, Defendants Justin P. Nadeau and the Law Offices of Justin P. Nadeau, PLLC request that this Honorable Court:

A. Order that the Plaintiff pay the disputed funds into the registry of the Court;

B. Order that Defendants Justin P. Nadeau and the Law Offices of Justin P. Nadeau, PLLC receive funds in the sum of $132,000.00 and out of pocket expenses incurred on behalf of the client, Amanda Letourneau in the sum of $14,144.70 they are owed pursuant to the parties' signed Fee Agreement dated June 12, 2018; and

C. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

Date: September 20, 2023

JUSTIN P. NADEAU, *pro se*

Individually and on behalf of
The Law Offices of Justin P. Nadeau, PLLC

135 Wentworth Road
Rye, New Hampshire 03870

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing pleading, with exhibits, was served via e-mail and by US Mail to the Plaintiff and Defendant Joseph M. Baldacci at the addresses below.

John F. Evers, Esquire: JEvers@seglawyers.com
84 Pine Street, 4th Floor
Burlington, Vermont 05401

Joseph Baldacci, Esquire: JBaldacci@BaldacciLaw.com
6 State Street, Suite 605
P.O. Box 1423
Bangor, Maine 04402-1423

Date: September 20, 2023

Justin P. Nadeau, Esq.